UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 10-01528 DMG (OPx)** | Date | November 16, 2010 |
|---|---|---|---|

| Title | ***Romain v. HSBC Bank USA, N.A., et al.*** | Page | 1 of 2 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT**

On May 11, 2010, Plaintiff Lisa A. Romain filed the operative complaint in Riverside County Superior Court against Defendants HSBC Bank USA, N.A. ("HSBC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), DB Home Lending, LLC, Aztec Foreclosure Corporation ("Aztec"), Ocwen Loan Servicing, LLC ("Ocwen"), and Doe defendants 1 to 100, alleging wrongful foreclosure and related causes of action. On October 5, 2010, HSBC, MERS, and Ocwen removed the case to this Court on the basis of federal question jurisdiction.

A defendant must file notice of removal within 30 days after "receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). All "defendants properly joined and served in the action" must join in the notice of removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

While the majority of courts start the 30-day removal period for all defendants on the date that the first defendant receives the initial complaint (the so-called "first-served" rule), some courts allow each defendant an opportunity to remove within 30 days from the day that defendant receives the complaint (the "last-served" rule). *McAnally Enters., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). The Ninth Circuit has not yet resolved the issue. *See United Steel Workers Int'l Union v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008).

In their notice of removal, dated October 4, 2010, the removing defendants state that Ocwen has been served but that HSBC and MERS have not. They do not provide the date that Ocwen was served. The state court docket reflects that on November 8, 2010, Plaintiff filed proofs that the complaint had been personally served on HSBC, MERS, Aztec, and Ocwen. According to the docket, Plaintiff served HSBC, Aztec, and Ocwen on September 2, 2010 and MERS on September 3, 2010. If so, then the notice of removal was untimely and the Court lacks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 10-01528 DMG (OPx)** | Date | November 16, 2010 |
| Title | *Romain v. HSBC Bank USA, N.A., et al.* | Page | 2 of 2 |

jurisdiction over this action. Furthermore, it appears that the notice of removal may have been defective for failure to join Aztec.

Accordingly, HSBC, MERS, and Ocwen are **ORDERED TO SHOW CAUSE** why this action should not be remanded to Riverside County Superior Court for (1) untimely removal and (2) failure to join Aztec in the notice of removal. Defendants shall file their response by **November 30, 2010**. The hearing on Defendants' unopposed motion to dismiss [Doc. #5], currently set for November 22, 2010 at 9:30 a.m., is taken off calendar and shall be reset if necessary.

**IT IS SO ORDERED.**

CV-90                       **CIVIL MINUTES—GENERAL**                       Initials of Deputy Clerk ys